CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 2 2007

JOHN F. CORCORAN, CLERK
BY /s/ Linda Bright
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| BARRY LEE HODGES, ) | |
| Petitioner, ) | Civil Action No. 7:07cv00156 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF ) | |
| VIRGINIA, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior U.S. District Judge |

Petitioner Barry Lee Hodges, a Virginia inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Hodges challenges the validity of two orders entered by the Circuit Court of Franklin County. This action is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On May 1, 2000, Hodges was convicted in the Circuit Court of Franklin County of possession of a firearm by a convicted felon and was subsequently sentenced to a total term of imprisonment of five years with two years and ten months suspended. The conditions of the suspended sentence were that Hodges keep the peace and be of good behavior for a period of five years, be placed on supervised probation for a term of three years, and payment of court costs. Hodges pursued no direct appeal of the conviction. Hodges was released on March 15, 2002 and placed on supervised probation.

On April 26, 2002, the Circuit Court of Franklin County found Hodges to have violated the terms of his probation, but re-suspended the execution of the two-year and ten-month sentence, upon the condition that Hodges was to remain on supervised probation for the remainder of the original

three-year period. On October 16, 2002, the Circuit Court of Franklin County found that Hodges had violated his probation. The court revoked and re-suspended the execution of the two-year and ten-month sentence, upon the condition that Hodges remain on supervised probation for the remainder of the original three-year period.

On June 27, 2003, Hodges once more was found to be in violation of his probation and the Circuit Court of Franklin County revoked the suspension of 45 days of the suspended sentence, but re-suspended the execution of the remainder of the original five-year sentence upon the conditions that Hodges keep the peace and be of good behavior, as well as remain on supervised probation for the remainder of the original three-year period.

Hodges was arrested on January 7, 2005, for Drunk in Public and Possession of Drug Paraphernalia, and then on January 10, 2005, failed a drug screening by testing positive for marijuana. On May 20, 2005, the court found that these incidents constituted a violation of Hodges' probation. On May 25, 2005, the court again revoked and re-suspended the execution of the remainder of the original five-year sentence upon the conditions that Hodges keep the peace and be of good behavior, and remain on supervised probation under "intensive supervision" with weekly substance abuse testing for a period of twelve months.

On December 20, 2005, the Circuit Court of Franklin County again found Hodges to be in violation of his probation and, on December 28, 2005, revoked the suspension of the remainder of the original five-year sentence. On October 16, 2006, the court discovered an error in the "Sentencing Summary" section of the December 28, 2005 order. The court entered an order correcting the error in order to reflect that Hodges had previously served two years, three months, and fifteen days of his original five-year sentence.

On January 18, 2007, Hodges filed a petition for writ of habeas corpus in the Supreme Court of Virginia containing largely incoherent and unintelligible claims. The thrust of Hodges' claims seems to be that Hodges was subjected to "multiple jepordies [sic]" on the same offense because the Circuit Court of Franklin County repeatedly found Hodges in violation of his probation after Hodges believed his sentence to be expired. The Supreme Court of Virginia apparently construed Hodges' petition to be one attacking his original conviction of May 1, 2000, and found the petition to be untimely. Accordingly, the court dismissed the petition on March 2, 2007.

On March 30, 2007, Hodges filed the instant petition containing similar incoherent claims as in his state petition; again the thrust of the claims seems to be that the Circuit Court of Franklin County had no jurisdiction to impose an additional twelve months of supervised probation on May 25, 2005, nor did the court have jurisdiction to revoke the remainder of Hodges' original five-year sentence on December 28, 2005. Respondent filed a motion to dismiss on April 30, 2007, arguing that the claims were unexhausted insofar as the Virginia Supreme Court construed Hodges' state habeas petition as only attacking his original conviction. Hodges responded on May 14, 2007 and, therefore, the petition is ripe for review.

## ANALYSIS

### A. STATUTE OF LIMITATIONS

Hodges claims are barred by the statute of limitations. Pursuant to 28 U.S.C. § 2244(d), a state prisoner must file his petition for a writ of habeas corpus within one year of the date upon which the judgment became final, subject to tolling for the period when a properly filed state collateral review proceeding was pending. See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001). Under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final upon the expiration of the time for

3

seeking direct review.

### I. COURT ORDER OF MAY 25, 2005

Hodges first claims that the Circuit Court of Franklin County wrongfully imposed twelve months of supervised probation on May 25, 2005, after Hodges believed his sentence to be expired. The court certified in the Probation Revocation Order that Hodges was present with an attorney at all times during the Probation Violation Hearing. Hodges had thirty days–until June 24, 2005–in which to seek direct review of the court's judgment, which he failed to do. Therefore, the judgment became final on June 24, 2005. Hodges had one year from that date to challenge the imposition of the twelve-month term of supervised probation in a federal habeas petition. Hodges did not meet this June 26, 2006 deadline;[1] in fact, by that date, Hodges had yet to file his state petition in the Supreme Court of Virginia.[2]

### II. COURT ORDER OF DECEMBER 28, 2005

Hodges' second claim is that the Circuit Court of Franklin County, for a violation of the allegedly improper twelve-month term of probation from claim (1), wrongfully revoked the suspension of the remainder of Hodges' original five-year sentence on December 28, 2005. Again, the court certified in the Probation Revocation Order that Hodges was present with an attorney at all times during the Probation Violation Hearing. Hodges had thirty days–until January 27, 2006–in which to seek direct review of the court's judgment, which he failed to do. Therefore, the court's judgment became final on January 27, 2006. Hodges then had one year from that date to challenge

---

[1] The one-year statutory period actually ended on a Saturday, so Hodges had until the next Monday, June 26, 2006, to file his petition. See Fed. R. Civ. P. 6(a).

[2] Hodges' one-year clock had already run by the time he filed his state habeas petition; therefore, the state petition afforded Hodges no tolling under § 2244(d)(2).

4

the revocation of the suspension of the remainder of his original sentence.

Hodges filed his state habeas petition in the Supreme Court of Virginia on January 18, 2007, tolling the statute of limitations with eleven days remaining in the one-year statutory period.[3] See Allen, 276 F.3d at 185. The court dismissed Hodges' petition on Friday, March 2, 2007, and the statutory clock re-started on Monday, March 5, 2007, setting the new deadline for filing a federal habeas petition at March 15, 2007. Hodges did not meet this deadline, as he filed the instant petition more than two weeks later, on March 30, 2007.

Accordingly, Hodges' petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[4] Hodges makes no contentions or allegations to support equitable tolling and has made no such demonstration. As such, Hodges' claims are untimely and, therefore, must be dismissed.

### B. OTHER GROUNDS FOR DISMISSAL

Moreover, even assuming arguendo that Hodges' claims are timely, they are unexhausted and without merit. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). If the petitioner cannot meet the burden of proving exhaustion as to every claim, the entire petition ordinarily will be dismissed. This court, however, retains discretion to deny a petition on its merits notwithstanding the petitioner's

---

[3] The one-year statutory period actually ended on Saturday, January 27, 2007, so Hodges had until the next Monday, January 29, 2007, to file his petition. See Fed. R. Civ. P. 6(a).

[4] Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

5

failure to satisfy the exhaustion requirement. See 28 U.S.C. § 2254(b)(2). To the extent that Hodges' claims are unexhausted, this court will exercise such discretion and deny the petition on its merits, as the claims have no legal basis.

Hodges contends that the Circuit Court of Franklin County had no jurisdiction to extend the term of supervised probation on May 20, 2005, or to revoke the suspension of the remainder of Hodges' original sentence on December 20, 2005, because his sentence had already expired. Hodges was released from incarceration on March 15, 2002 and placed on a three-year term of supervised probation, which was to expire on March 15, 2005. Hodges' probation contained two standard conditions applicable to the instant petition: Condition (1) required Hodges to obey all Federal, State, and local laws and ordinances; Condition (8) forbid Hodges from using or possessing a controlled substance. Additionally, the Circuit Court of Franklin County imposed the special condition of probation upon Hodges that he was to completely abstain from consuming alcoholic beverages.

On January 7, 2005, more than two months before his three-year term of probation was to expire, Hodges was arrested in Galax, Virginia for Drunk in Public and Possession of Drug Paraphernalia. Three days later, on January 10, 2005, Hodges tested positive for marijuana in a routine drug screening. These incidents prompted Hodges' Probation Officer to request a Probation Violation Hearing, which took place on May 20, 2005. At the hearing, Hodges and counsel were given the right to cross-examine the Probation Officer and to present any additional facts as they desired. The court, acting pursuant to its authority under VA. CODE ANN. §19.2-304, subsequently imposed upon Hodges twelve months of supervised probation under "intensive supervision."[5] The

---

[5] Section 19.2-304 of the Code of Virginia states, in pertinent part, "The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation, but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth."

6

twelve-month term expired on May 20, 2006.

On November 14, 2005, more than six months before his twelve-month term of supervised probation was to expire, Hodges' Probation Officer found that Hodges continued to use marijuana despite the conditions of his probation, and again requested a Probation Violation Hearing. The hearing took place on December 20, 2005, at which point Hodges and counsel were given the right to cross-examine the Probation Officer and to present any additional facts as they desired. The Circuit Court of Franklin County, acting pursuant to its authority under VA. CODE ANN. § 19.2-306, revoked the suspension of the remainder of Hodges' original five-year sentence–two years, eight months, and fifteen days.[6] As the Circuit Court of Franklin County had jurisdiction over Hodges and had the statutory authority to extend Hodges' probation and then to revoke his suspended sentence, Hodges' claims have no merit and this court will exercise its discretion and dismiss the petition, regardless of whether or not Hodges' claims are exhausted.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a copy of this Memorandum and Opinion and the accompanying Order to the petitioner *and to the respondent*.

ENTER: This *12th* day of July, 2007.

                                                /s/ James C. Turk
                                                Senior U.S. District Judge

---

[6] Section 19.2-304(A) of the Code of Virginia states, in pertinent part, "In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period."